**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THERESA A. JOHNSON,** | |
| Plaintiff, | |
| v. | **Case No. 12 C 5067** |
| **ZION SCHOOL DISTRICT NO. 6,** | **Hon. Harry D. Leinenweber** |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss portions of Plaintiff's Complaint. For the reasons stated herein, the Motion is granted in part and denied in part.

### I. BACKGROUND

The following facts are taken as stated in Plaintiff's Complaint and response. While several allegations are unclear, as best as the Court can make out, *pro se* Plaintiff Theresa A. Johnson (hereinafter, "Johnson" or "Plaintiff") applied to teach as a substitute teacher at Defendant Zion School District No. 6 (hereinafter, "Zion" or "Defendant") in August 2011. Plaintiff said she had previously made Defendant aware, through a 2005 application, that she was unable to climb stairs. Two days after applying, she requested "in writing for long-term [work] only because it accommodated my Disability." Pl.'s Resp. at 4. The Court is uncertain as to whether this means she modified her

application to request only long-term substitute teaching positions or whether she was modifying her application to request only a full-time, non-substitute teaching position. That same month, Zion "deactivated" her application. *Id*. at 5. Plaintiff discovered this when she went into Zion's Human Resources Department in February 2012. At that time, the Human Resources Department called four elementary schools in the district to ascertain whether they were single-story schools that could accommodate Plaintiff's disability. During that interaction, Plaintiff saw in her personnel folder a complaint letter that another teacher filed sometime in 2007 or 2008. (The substance of the complaint was that Plaintiff "injured or taught an 'evil' subject to students." Pl.'s Resp. at 7.) Plaintiff says the teacher's complaint is false and Defendants refuse to remove it from her file. She believes the complaint kept her from being hired in 2011. Plaintiff notes that Defendant has the same law firm that represented a neighboring school district in an earlier disability lawsuit by her (*Johnson v. Waukegan School Dist. 60*, 10 CV 2183) and that Zion is retaliating against her for that lawsuit against another school district.

Plaintiff's Complaint is literally of the fill-in-the-blank, form variety. It alleges age and disability discrimination. Specifically, it alleges that Defendant (1) failed to hire Plaintiff; (2) terminated the Plaintiff's employment; (3) failed to promote the Plaintiff to a long-term position; (4) failed to

reasonably accommodate Plaintiff's disabilities; (5) retaliated against the Plaintiff because Plaintiff did something to assert rights protected by the ADEA and ADA; and (6) committed a personnel file violation (slander and libel). She goes on to allege that the Defendant hired uncertified teachers before her, a certified substitute teacher and hired younger applicants. Finally, Plaintiff alleges that Defendant discriminates against the disabled because its substitute teacher manual contains the following provision:

> HEALTH REQUIREMENTS. All substitute teachers working with children in schools in Illinois must have a recent physical and negative TB X-ray or skin test on file. The state also requires freedom from communicable disease and physical and mental fitness to teach.

Pl.'s Resp. at 2, Pl.'s Supplemental Filing, at 2 (ECF No. 30, PageID 84).

Defendants move to dismiss portions of Plaintiff's Complaint on the grounds that it fails to state a claim upon which relief can be granted.

## II. **LEGAL STANDARD**

When evaluating dismissal under Rule 12(b)(6), the Court takes all well-pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim

showing that the pleader is entitled to relief, and is sufficient to provide the defendant with fair notice of the claim and its basis." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009).

### III. **ANALYSIS**

#### A. **Defamation**

The Court is unfamiliar with any cause of action known as "personnel file violation" and so interprets this complaint as one for defamation. As Defendant points out, to state a claim for defamation, the Plaintiff must allege that (1) Defendant made a false statement about her, (2) there was an unprivileged publication of the defamatory statement to a third party by Defendant, and (3) the Plaintiff was damaged. *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n*, 494 F.Supp.2d 934, 939 (N.D. Ill. 2007).

Plaintiff has pled herself out of court on this count. By her own filings, she admits that the Defendant did not make this defamatory statement, an unnamed teacher did. Plaintiff also fails to allege the Defendant ever published this statement to a third

party. Because the Court cannot fathom how keeping someone's complaint in a personnel file could constitute defamation, amendment in regards to this claim would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (noting District Courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile). The defamation claim is dismissed with prejudice.

### B. Retaliation

Defendant moves to dismiss the ADA retaliation claim because Plaintiff never identified any protected conduct for which she was retaliated against. In her response, Plaintiff alleges that because Defendant and a completely unrelated district share the same law firm, she was retaliated against for filing suit against the unrelated district. As she argues, "[a] jury could reasonable *[sic]* believe that 2 neighboring schools refused to hire Plaintiff during the 2011-12 is not a Coincidence!" Pl.'s Resp. at 7. The Court respectfully disagrees. To survive a motion to dismiss, a complaint draws all reasonable inferences in a Plaintiff's favor, but "unless well-pled factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim." *Magnus v. St. Mark United Methodist Church*, No. 10-C-380, 2010 U.S. Dist. LEXIS 111152, at *7 (N.D. Ill. Oct. 19, 2010) (citing *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's tortured law firm connection is far from plausible, purely speculative and not sufficient to survive a motion to dismiss.

To the extent Plaintiff is alleging retaliation due to the teacher's complaint from 2007-2008, Defendants are correct that this does not allege any activity protected by the ADA.  *Jones v. Res-Care, Inc.*, 613 F.3d 665, 671 (7th Cir. 2010) (claim for retaliation must demonstrate Plaintiff engaged in statutorily protected activity).  The retaliation claim is dismissed.

### C. Failure to Accommodate

Defendant argues that Plaintiff's Complaint failed to allege that she requested any accommodation for her disability. Plaintiff's response does clarify that Plaintiff asked to be assigned to single-story schools.  However, Defendants further argue that Plaintiff cannot plead this cause of action because she failed to identify it in her EEOC charge.  Defendant, rather than Plaintiff, attached a copy of the EEOC complaint to its filings.

Ordinarily, consideration of matters outside the pleadings requires conversion of the motion to dismiss to a motion for summary judgment and the Plaintiff must be given an opportunity to respond.  FED. R. CIV. P. 12(d).  However, where a Plaintiff refers to a document in her Complaint and that document is central to her claim, the Court may consider it without converting the motion to dismiss to one for summary judgment.  *Geinosky v. City of Chicago*,

675 F.3d 743, 745 n.1 (7th Cir. 2012). Plaintiff mentioned her EEOC charge in her Complaint, and it is certainly central to her Title VII claim because she cannot file suit without making such an EEOC charge and exhausting her administrative remedies. 42 U.S.C. § 2000e-5(e), (f). Thus, the Court may consider Plaintiff's EEOC charge and whether the failure to accommodate charge is within the scope of that EEOC charge.

At a minimum, the Complaint filed in the district court and the charge filed with the EEOC must describe the same circumstances and participants. *Conner v. Illinois Dep't. of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). In *Connor*, the Court dismissed a failure-to-promote claim when that failure to promote occurred one month *after* the EEOC charge was filed, reasoning that the charge in the lawsuit was necessarily outside the scope of the EEOC charge. *Id*. *See also Teal v. Potter*, 559 F.3d 687, 692-692 (7th Cir. 2009)(postal worker's July 2003 termination not within the scope of EEOC complaint regarding worker's March 2002 termination); *see also Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) (lawsuit's failure-to-rehire claim not reasonably related to EEOC termination claim); *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500-501 (7th Cir. 1994) (insurance saleswoman's EEOC sex discrimination charge based on being made to pay client's premiums not reasonably related to lawsuit sex discrimination charge based on transfer of position).

In this case, Plaintiff checked "retaliation," "age," and "disability" discrimination on her EEOC form. Her description of the discrimination follows in its entirety:

> I applied to work as a Substitute Teacher for Respondent in or around September 2011. Respondent is aware of my disability. Respondent has been maintaining a coworker's complaint about my substitute teaching in 2007 in my personnel file. I was not offered employment until February 23, 2013, although I have been available for work throughout the school year. I believe that I was discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended. I also believe that I was discriminated against because of my age, 61 (d.o.b. 10-12-1950), in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe that I was retaliated against because of the coworker complaint from 2007.

Def.'s Mot. to Dismiss, Ex. 1.

The Court sees nothing in the EEOC charge that would indicate to the EEOC it should investigate a failure to accommodate charge. Thus, the Court agrees with Defendant that the failure to accommodate charge is not "reasonably related" to the EEOC charge and the failure to accommodate charge is dismissed.

### D. Scope of the ADA Discrimination Claim

Defendant makes a similar argument in regards to the discrimination charge. It argues that the claims that Plaintiff was terminated from employment and not given long-term employment are outside the scope of the EEOC claim of failure-to-hire. Def.'s Mot. to Dismiss at 5. Again, the Court sees nothing in the EEOC charge that would lead that agency to investigate claims of discrimination in regards to being fired or not given long-term

employment. Nowhere does the EEOC charge say she was fired or that she was even applying for long-term employment. Thus, the Court agrees with Defendants that these allegations are not reasonably related to the failure-to-hire claim, and they are dismissed.

Defendant appears to argue also that the ADA discrimination claim should be dismissed in its entirety because Plaintiff did not adequately identify her disability. In her response, Plaintiff stated she suffers from fibromyalgia, arthritis, osteoarthritis and a sleep disorder. Pl.'s Resp. at 2. The Court deems this sufficient at the motion to dismiss stage. *See Feldman v. Olin Corp.*, 692 F.3d 748, 752 (reversing district court decision that plaintiff with fibromyalgia could not show he was disabled within the meaning of the ADA). Although *Feldman* dealt with a sleep disorder, rather than a mobility disorder as this case seems to, at the motion to dismiss stage, Plaintiff has alleged adequately that her multiple, named disorders inhibit a major life activity of walking (she implicitly alleges she cannot climb stairs). While the issue may be revisited in more depth if the case proceeds to summary judgment, at this stage the allegations are sufficient). Defendant also alleges that Plaintiff's listing of these impairments in the response is insufficient to put it on notice of her disability. This is incorrect. A Plaintiff has latitude to state further allegations in a response to defeat a motion to dismiss. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1

(7th Cir. 2012) (noting that a Plaintiff may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings). Therefore, the failure-to-hire ADA discrimination claim may proceed.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendant's Motion to Dismiss the ADA retaliation claim, the defamation claim, the ADA failure to accommodate claim, the ADA discrimination claim based on firing, and the ADA discrimination claim based on a failure to hire to a long-term position.

The ADA discrimination claim based on a failure to hire remains, and Defendants have not sought to dismiss the age discrimination claim, so it likewise remains.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　／s／ Harry D. Leinenweber
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 12/28/2012